UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ETRANSMEDIA TECHNOLOGY, INC.,

                                        Petitioner,

        -v-                                          1:11-CV-1042

NEPHROLOGY ASSOCIATES, P.C.,

                                        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                OF COUNSEL:

HERZFELD & RUBIN, P.C.                       ROBERT L. LASH, ESQ.
Attorneys for Petitioner
125 Broad Street
New York, NY  10004

MCGUIRE WOODS LLP                           PHILIP A. GOLDSTEIN, ESQ.
Attorneys for Respondent
1345 Avenue of the Americas
7th Floor
New York, NY  10105


DAVID N. HURD
United States District Judge

### MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

On August 31, 2011, Etransmedia Technology, Inc. ("petitioner" or "Etransmedia") filed a petition pursuant to the Federal Arbitration Act, 9 U.S.C. § 4 (2006) ("FAA"), seeking to compel arbitration of claims asserted in a separate action filed in Georgia by respondent Nephrology Associates, P.C. ("respondent" or "NAPC").  NAPC opposed.

The petition to compel was granted on August 16, 2012, and the parties were directed to proceed to arbitration in Albany, New York.  Etransmedia Tech., Inc. v. Nephrology Assocs., P.C., 2012 WL 3544805 (N.D.N.Y. Aug. 16, 2012) ("the August MDO").  On September 13, 2012, NAPC filed this motion seeking relief from the August MDO pursuant to Federal Rule of Civil Procedure 60(b)(6).  Etransmedia responded in opposition, and NAPC replied.  The motion was considered on submit.

## II. BACKGROUND

Etransmedia, a New York corporation, provides information technology services to medical practices.  NAPC, a Georgia corporation, provides care to patients with chronic kidney disease and related conditions.  In 2009 Etransmedia agreed to provide NAPC with an integrated computer system to maintain its electronic medical records.  Etransmedia also agreed to perform billing and claims processing services using data that NAPC entered into the computer system.

In late-December 2009 the parties executed two contracts:  (1) "the Services Agreement" pertaining to the licensing, management, and use of the computer system; and (2) the Agreement for Billing and Claims Processing Services and Business Associate Agreement ("the Billing Agreement") relating to the billing and claims processing services provided by Etransmedia.  Both documents contain a choice of law provision mandating that the contracts, and any disputes arising therefrom, are to be construed, interpreted, and governed by New York law.  The Services Agreement also contains a broad arbitration clause.  There is no arbitration clause in the Billing Agreement.[1]

---

[1]  The parties' specific obligations under these agreements were detailed in the August 16, 2012, Memorandum–Decision and Order.  See Etransmedia Tech., Inc., 2012 WL 3544805, at *1–2.

The relationship between the parties soured shortly after they entered into these contracts.  On July 7, 2011, NAPC commenced an action in the Superior Court of Richmond County, Georgia ("the Georgia action").  Etransmedia was served with the summons and complaint on July 11, 2011.[2]  On August 11, 2011, Etransmedia removed the Georgia action to the United States District Court for the Southern District of Georgia.  As noted above, Etransmedia filed this petition to compel arbitration in the Northern District of New York on August 31, 2011.

The following day Etransmedia filed a motion in the Southern District of Georgia seeking dismissal of NAPC's complaint for improper venue or, in the alternative, transfer of venue to the Northern District of New York to be consolidated with this petition or a stay of the proceedings pending the outcome of this petition.  On September 9, 2011, NAPC filed a motion seeking to remand the Georgia action back to the Superior Court of Richmond County.  On September 19, 2011, the district court granted NAPC's request to stay briefing on Etransmedia's motion to dismiss, stay, or transfer pending its decision on NAPC's motion to remand.[3]  Thereafter, per order of the assigned United States Magistrate Judge for the Southern District of Georgia, the parties engaged in a Rule 26(f) conference, and a scheduling order was entered in accordance with Rule 16(b).

Pursuant to the scheduling order, Etransmedia served a set of interrogatories on NAPC on December 22, 2011.  On the first page of this document Etransmedia included the

---

[2] Etransmedia claims it was served on July 12, 2011.  Although this minor discrepancy had a significant impact on the timeliness of Etransmedia's removal of the Georgia action to federal court, it is immaterial to this petition and motion for reconsideration.

[3] At the time the August MDO was filed, this was the extent of the information disclosed to this court with regard to the status of the Georgia action.  Neither party submitted any update between October 7, 2011, and August 16, 2012, when the MDO was filed.

following in a footnote:  "Etransmedia maintains its position that this dispute should be resolved in arbitration in the state of New York, and its submission of these Interrogatories should not be considered a waiver of its right to arbitrate."  Goldstein Affirmation, Ex. E, ECF No. 28-8, 1.  On December 29, 2011, Etransmedia filed a notice of intent to assert counterclaims pursuant to the scheduling order.  This document included a footnote on the first page again declaring that "Etransmedia maintains that this dispute should be resolved in arbitration in the State of New York, and its submission of this Notice should not be considered a waiver of its right to arbitrate."  Goldstein Affirmation, Ex. F, ECF No. 28-9, 1. The parties agreed to extend the discovery deadlines at least once.  On April 6, 2012, Etransmedia's counsel sent an email to NAPC's counsel expressing concern over seeking a further discovery extension and offering to withdraw its petition to compel arbitration if NAPC withdrew its motion to remand.

The Georgia district court ultimately granted NAPC's motion to remand, and the Georgia action was remanded to the state court on May 23, 2012.  On June 4, 2012, Etransmedia filed an answer in the state court and asserted various defenses and counterclaims.  On September 28, 2012—after the August MDO was filed, granting its petition to compel arbitration—Etransmedia filed an amended answer in the Georgia state court asserting the affirmative defense that the claims were subject to arbitration.  On that same date Etransmedia filed a motion to compel arbitration and stay the state court proceedings in light of the August MDO.  Etransmedia maintains that there has not been any further discovery or motion practice in the Georgia action since.  No depositions have been taken.

## III. **DISCUSSION**

NAPC argues that Etransmedia waived its right to compel arbitration by engaging in extensive litigation in the Georgia action while its petition to compel arbitration was pending in the Northern District of New York.  NAPC thus seeks reconsideration of and relief from the August MDO.[4]  Etransmedia maintains that it has not waived its right to arbitration and only engaged in discovery and motion practice in the Georgia action because such was court-ordered.  Etransmedia further points out that it sought a stay of the proceedings pending the outcome of this petition or a transfer of venue to the Northern District of New York.

A motion brought pursuant to Rule 60(b)(6) will only be granted if the moving party can show that "extraordinary circumstances are present or the failure to grant relief would work an extreme hardship on the movant."  ISC Holding AG v. Nobel Biocare Fin. AG, 688 F.3d 98, 109 (2d Cir. 2012).  Indeed, Rule 60(b)(6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." Dunlop v. Pan Am. World Airways, Inc., 672 F.2d 1044, 1051 (2d Cir. 1982) (internal quotation marks omitted).  NAPC asserts that Etransmedia's alleged waiver of its right to arbitrate constitutes extraordinary circumstances and, due to Etransmedia's conduct, compelling arbitration now will work an extreme hardship on NAPC.

In light of the strong presumption in favor of arbitration, "a waiver of arbitration is not to be lightly inferred."  Kramer v. Hammond, 943 F.2d 176, 179 (2d Cir. 1991) (internal

---

[4]  NAPC also seeks reconsideration of the August MDO on the basis that the issues in the Georgia action do not implicate the Services Agreement.  However, this is merely a manifestation of NAPC's disagreement with the conclusion of the August MDO, not a ground for reconsideration of it.  Indeed, respondent does not cite any new case law or evidence to justify reconsideration of whether the issues in the Georgia action touch the broad arbitration clause in the Services Agreement.  The resolution of that issue will therefore not be reconsidered.  See Matarese v. LeFevre, 801 F.2d 98, 107 (2d Cir. 1986) ("[A] Rule 60(b)(6) motion may not be used as a substitute for appeal.").

quotation marks omitted).  Therefore, "any doubts regarding the issue of waiver should be resolved in favor of arbitration." Allied Sanitation, Inc. v. Waste Mgmt. Holdings, Inc., 97 F. Supp. 2d 320, 328 (E.D.N.Y. 2000).  Nonetheless, a party effectively waives its right to arbitration when it "engages in protracted litigation that results in prejudice to the opposing party." Kramer, 943 F.2d at 179 (internal quotation marks and citation omitted).  A court should consider the following factors when determining whether a party has waived arbitration by engaging in litigation:  "(1) the time elapsed from when litigation was commenced until the request for arbitration; (2) the amount of litigation to date, including motion practice and discovery; and (3) proof of prejudice." La. Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc., 626 F.3d 156, 159 (2d Cir. 2010) (internal quotation marks omitted).

Mere delay in seeking arbitration, absent prejudice to the opposing party, does not constitute waiver." Com-Tech Assocs. v. Computer Assocs. Int'l, Inc., 938 F.2d 1574, 1576 (2d Cir. 1991).  Prejudice to the opposing party can be found when a party takes too long to exercise its right to arbitration, thereby causing the opposing party to suffer unnecessary delay or expense. Id.  This type of prejudice is determined by examining the extent of the delay, the degree of litigation that has taken place, the resulting burdens and expenses on the opposing party, and any other pertinent surrounding circumstances. Id.  However, "[i]ncurring legal expenses inherent in litigation, without more, is insufficient evidence of prejudice to justify a finding of waiver." PPG Indus., Inc. v. Webster Auto Parts Inc., 128 F.3d 103, 107 (2d Cir. 1997).

NAPC cannot seriously contend that Etransmedia delayed its request for arbitration. Etransmedia was served with the summons and complaint in the Georgia action on July 11,

2011.  It filed this petition to compel arbitration less than two months later on August 31,

2011.  This short time frame distinguishes this matter from the cases on which NAPC relies.

See La. Stadium & Exposition Dist., 626 F.3d at 158–59 (plaintiff filed motion to compel

arbitration eleven months after it had filed the underlying complaint); S & R Co. of Kingston v.

Latona Trucking, Inc., 159 F.3d 80, 83 (2d Cir. 1998) (parties engaged in protracted litigation

for fifteen months before petitioner sought to invoke arbitration); Cotton v. Slone, 4 F.3d 176,

178 (2d Cir. 1993) (petitioner failed to seek immediate interlocutory appeal of denial of

petition to compel arbitration and instead engaged in litigation for three years); Kramer, 943

F.2d at 179 (over four years lapsed between the filing of the civil action and defendant's

attempt to compel arbitration); Com-Tech Assocs., 938 F.2d at 1576 (defendants first raised

issue of arbitration eighteen months after answering the complaint).

Further, the amount and type of litigation that has taken place does not signal prejudice

to NAPC.  Although the Georgia action has been ongoing since July 2011, a significant

portion of the motion practice has related to what court has proper jurisdiction, not the actual

merits of the matter.  Indeed, Etransmedia removed the action to federal court on August 11,

2011.  It then sought to dismiss the action, "without prejudice, for improper venue . . . as the

parties have agreed to resolve the dispute at issue in an arbitration in Albany, New York."

Lash Decl., Ex. A, ECF No. 33-1, 1.  In the alternative, Etransmedia sought to stay the action

pending the outcome of this petition or to transfer the action to be consolidated with this

petition.

NAPC then filed a motion to remand the action back to state court.  Briefing on

Etransmedia's motion to dismiss, stay, or transfer was stayed by the Georgia district court at

NAPC's request.  The Georgia action was ultimately remanded to state court on May 23,

2012.  In September 2012 Etransmedia filed an answer, an amended answer in which it asserted an affirmative defense that the issues were subject to arbitration, and a motion to compel arbitration or stay further state court proceedings.  According to Etransmedia, there has not been any further discovery or motion practice in the Georgia action since.  Nor have any depositions been taken.

NAPC asserts that "Etransmedia pushed forward with both the litigation and discovery" in the Georgia action during the pendency of the petition to compel arbitration.  Resp't's Mem. of Law, ECF No. 28-1, 9.  This mischaracterizes the procedural history.  While the parties engaged in a Rule 26(f) conference, and a scheduling order was entered pursuant to Rule 16(b), this was per the order of the United States Magistrate Judge for the Southern District of Georgia.  Etransmedia did serve a set of interrogatories and a notice of intent to assert counterclaims in December 2011 pursuant to the scheduling order.  However, on the first page of both documents Etransmedia clearly and specifically noted that "this dispute should be resolved in arbitration in the state of New York, and its submission of [these documents] should not be considered a waiver of its right to arbitrate."  Goldstein Affirmation, Exs. E & F, ECF Nos. 28-8, 28-9.  Further, as noted above, Etransmedia has twice filed a motion to stay the Georgia action or transfer it to the Northern District of New York to be consolidated with this petition.

In short, beginning in August 2011, NAPC was aware of Etransmedia's intent to arbitrate the matters at issue in the Georgia action.[5]  There was not a significant delay in the

---

[5] NAPC makes much of the April 6, 2012, email in which Etransmedia's counsel proposed withdrawing the petition to compel arbitration if NAPC withdrew its motion to remand the Georgia action to state court.  While this arguably conflicts with Etransmedia's assertion that it always intended to resolve the dispute through arbitration, it is insufficient to establish the prejudice necessary to constitute waiver.

(continued...)

request for arbitration, nor has there been a significant amount of litigation related to the merits of the underlying issues.  There is thus an insufficient showing of prejudice to NAPC to justify a finding that Etransmedia waived its right to arbitration.  Accordingly, NAPC has failed to demonstrate the existence of extraordinary circumstances or extreme hardship to justify the relief it seeks pursuant to Rule 60(b)(6).

## IV. CONCLUSION

Etransmedia did not wave its right to arbitration through its conduct in the Georgia action.  Compelling arbitration at this point will not cause sufficient prejudice to NAPC to constitute extraordinary circumstances or extreme hardship justifying relief under Rule 60(b)(6).

Therefore, it is

ORDERED that

Respondent Nephrology Associates, P.C.'s motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(6) is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

Dated:  March 18, 2013
        Utica, New York.

_____

[5](...continued)
Etransmedia's submissions and representations to the courts repeatedly indicated its intent to exercise its right to arbitrate.